# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DE'ANDRE MORRISON,　　　　　:　　**Civil No. 3:20-cv-0061**
　　　　　　　**Plaintiff**　　　　:
　　　　　　　　　　　　　　　:　　**(Judge Munley)**
　　　　**v.**　　　　　　　　　:
　　　　　　　　　　　　　　　:
**WARDEN DAVE VARANO, *et al.*,**　:
　　　　　　　**Defendants**　:

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff De'Andre Morrison ("Morrison"), a state inmate who, at all times relevant, was incarcerated at the Columbia County Prison, Bloomsburg, Pennsylvania, initiated this 42 U.S.C. §1983, on January 13, 2020, alleging violations of his First, Fourth, and Eighth Amendment rights. (Doc. 1). Named as Defendants are Warden Dave Varano ("Varano"), Deputy Warden Nye ("Nye"), Jane Doe, Nurse, and John Doe, Doctor (collectively referred to as "Doe Defendants").

Because Morrison challenges prison conditions and seeks to proceed *in forma pauperis* (Doc. 7), the Court has an obligation to engage in preliminary screening of the complaint. 28 U.S.C. §1915(e)(2). For the reasons that follow, the motion to proceed *in forma pauperis* will be granted and the complaint will be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

## II.　Standards of Review

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) if "the action is frivolous

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." Ball v. Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989).

The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. Phillips v. Cty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008). Because Morrison proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted).

## II. Morrison's Complaint

### A. First Amendment

Morrison avers that Defendant Varano "was in charge of his well-being, and had authority over the officers and staff that work in the above prison" and that he violated his First Amendment rights in failing to provide an avenue of appeal for the denial of his November 3, 2019, November 14, 2019, and November 17, 2019, grievances. (Doc. 1, pp. 5, 6).

## B.    Fourth and Eighth Amendments

Morrison indicates that, on November 3, 2019, he filed grievances and prison request forms asserting that his Fourth Amendment rights were being violated by allowing him to be housed with several inmates "who were not medically cleared or classified for security reasons." (Doc. 1, pp. 5, 13-15). He asserts that, despite being aware of his claim through the grievance process, neither Defendant Varano nor Nye took any action. (Id.). He asserts that Defendants' failure to act placed his safety and health at risk in violation of the Eighth Amendment. (Doc. 1, p 5).

He also filed several grievances and request forms on November 14, 2019. In one of the grievances, Morrison expressed concern that a mural on one of the prison walls depicted "several racist and hatred symbols of Nazi and White Supremist beliefs." (Id. at 6, 16). He received no response to the grievance. (Id. at 6). He filed another grievance on that date concerning his potato allergy. (Id. at 6, 17, 19). He alleges that Defendants violated his Eighth Amendment rights in failing to resolve this grievance. (Id. at 6, 18). He filed a third grievance on that date making Defendant Varano aware of his concerns that the safety of inmates was compromised because of the absence of shower mats in the shower area and the lack of ladders on the bunk beds. (Id. at 7, 20). "After being made aware of these matters, [Defendant Varano] still fail [sic] to fix these matters, and responded to my grievance in an unprofessional manner." (Id. at 7, 20, 21).

Lastly, on November 17, 2019, he submitted request forms to the Doe Defendants seeking treatment for extreme stomach pain. (Id. at 7, 24, 25). He alleges that they failed

to provide him with an x-ray and pain medication. (Id. at 7). According to the response to the inmate request forms, Morrison was evaluated and placed on the doctor's list. (Id. at 24). Thereafter, the doctor saw Morrison and determined that "[i]n his opinion that nothing is needed at this time." (Id. at 24, 25). Morrison subsequently filed a grievance with Defendant Nye concerning the denial of adequate medical care. (Id. at 7, 22, 23). Defendant Nye allegedly failed to take any action. (Id.).

Morrison states that as a result of the above, he "suffered mental issues such as depression and mental anxious. Also pain & suffering mentally and physically." (Id. at 9).

## III.   **Discussion**

Section 1983 of Title 42 of the United States Code offers private citizens a cause of action for violations of federal law by state officials. See 42 U.S.C. § 1983. The statute provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Id.; see also Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002); Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of

state law." <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988). Thus, § 1983 limits liability to persons who violate constitutional rights.

## A.    First Amendment

Morrison alleges that Defendant Varano violated his First Amendment rights in failing to afford him an avenue to appeal the denial of his grievances. "[A]lthough prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by [prison officials' failure] to address these grievances." <u>Booth v. King</u>, 346 F. Supp. 2d 751, 761 (E.D. Pa. 2004). "Access to prison grievance procedures is not a constitutionally-mandated right, and allegations of improprieties in the handling of grievances do not state a cognizable claim under [section] 1983." <u>Glenn v. DelBalso</u>, 599 F. App'x 457, 459 (3d Cir. 2015); <u>Booth</u>, 346 F. Supp. 2d at 761 (finding that "[p]risoners are not constitutionally entitled to a grievance procedure and the state creation of such a procedure does not create a liberty interest requiring procedural protections under the Fourteenth Amendment."); <u>Burnside v. Moser</u>, 138 F. App'x 414, 416 (3d Cir. 2005) (affirming that "[i]nmates do not have a constitutionally protected right to the prison grievance process."). The First Amendment claim is subject to dismissal.

## B.    Fourth and Eighth Amendments

Morrison fails to allege that Defendants Varano and Nye were personally involved in any of the alleged unconstitutional conduct. Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged

5

misconduct. See Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (quoting Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of *respondeat superior*." Id. In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." Atkinson v. Taylor, 316 F.3d 257, 271 (3d Cir. 2003); Rode, 845 F.2d at 1207-08. Acquiescence requires both contemporaneous knowledge of the alleged wrongdoing and direct supervisory authority over the subordinate actor. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08. Such allegations, however, must be made with appropriate particularity in that a complaint must allege the particulars of conduct, time, place, and person responsible. Evancho, 423 F.3d at 354; Rode, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of or personal involvement in the deprivation of his or her rights, individual liability will not follow. Atkinson, 316 F.3d at 271; Rode, 845 F.2d at 1207-08.

Morrison seeks to impose liability on Defendants Varano and Nye based on their supervisory roles at the prison, not based on their personal involvement in the underlying conduct. Morrison does not allege contemporaneous knowledge of the alleged wrongdoing. Nor does he advance particular allegations of conduct, time, place, and direct supervisory authority over subordinate actors.

Further, Defendants' actions in denying his grievances or in concurring in the administrative appeal process are insufficient to establish personal involvement necessary

to state a claim. See Simonton v. Tennis, 437 F. App'x 60, 62 (3d Cir. 2011) (stating "[A] prison official's secondary review of an inmate's grievance or appeal is not sufficient to demonstrate the personal involvement required to establish the deprivation of a constitutional right."); Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (holding that a state prisoner's allegation that prison officials and administrators responded inappropriately, or failed to respond to later-filed grievances about his medical treatment, did not establish that the officials and administrators were involved in the underlying allegedly unconstitutional conduct). See also Mearin v. Swartz, 951 F. Supp.2d 776, 782 (W.D. Pa. 2013) (finding "merely participating in the grievance process is insufficient to confer knowledge of, and acquiescence to, a constitutional violation"); Wilkerson v. Schafer, No. 4:09-CV-2539, 2011 WL 900994, at *7 (M.D. Pa. Mar. 14, 2011) (stating "participation in after-the-fact review of a grievance or appeal is insufficient to establish personal involvement on the part of those individuals reviewing grievances"); Croom v. Wagner, No. 06-1431, 2006 WL 2619794, at *4 (E.D. Pa. Sept. 11, 2006) (holding that "neither the filing of a grievance nor an appeal of a grievance ... is sufficient to impose knowledge of any wrongdoing"); Ramos v. Pa. Dept. of Corr., Civil No. 4:CV-06-1444, 2006 WL 2129148, at *2 (M.D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). The Fourth and Eighth Amendment claims against these Defendants will be dismissed.

With regard to the Doe Defendants, in the medical context, a constitutional violation under the Eighth Amendment occurs only when prison officials are deliberately indifferent to an inmate's serious medical needs. Estelle v. Gamble, 429 U.S. 97, 105-06, (1976). For the denial of medical care to rise to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment, a prisoner must demonstrate "(1) that defendants were deliberately indifferent to [his] medical needs and (2) that those needs were serious." Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999).

Deliberate indifference to a serious medical need involves the "unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 104, 97 S.Ct. at 291. Such indifference is manifested by an intentional refusal to provide care, delayed medical treatment for non-medical reasons, denial of prescribed medical treatment, a denial of reasonable requests for treatment that results in suffering or risk of injury," Durmer v O'Carroll, or "persistent conduct in the face of resultant pain and risk of permanent injury." White v. Napoleon, 897 F2d 103, 109 (3d Cir. 1990).

A negligent diagnosis or treatment of a medical condition is not actionable as an Eighth Amendment claim because medical malpractice is not a constitutional violation. Estelle, 429 U.S. at 106, 97 S.Ct. at 292. "Indeed, prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67 (citations omitted). Any attempt to second-guess the propriety or adequacy of a particular course of treatment is disavowed by courts since such determinations remain a question of sound professional judgment. Inmates of Allegheny Cnty. Jail. v, Pierce, 612 F.2d 754,

8

762 (3d Cir. 1979), quoting <u>Bowring v. Goodwin</u>, 551 F.2d 44, 48 (4th Cir. 1997).

Further, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. <u>United States ex rel. Walker v. Fayette Cnty.</u>, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (internal quotations and citations omitted).

It is clear from a review of the administrative remedy responses attached to Morrison's complaint that he was seen and evaluated by medical personnel on more than one occasion for his complaints of stomach pain and that it was determined by a physician that there was no medical intervention required at the time. This Court is reluctant to second guess the medical judgments exercised in this matter and to constitutionalize Morrison's claim which, at most, sounds in state tort law. Morrison's Eighth Amendment claim against the Doe Defendants is subject to dismissal.

## IV.    <u>Leave to Amend</u>

"[I]n civil rights cases district courts must offer amendment—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile. " <u>Fletcher–Harlee Corp. v. Pote Concrete Contractors., Inc.</u>, 482 F.3d 247, 251 (3d Cir. 2007); <u>see</u> <u>also</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Amendment is futile "if the amendment will not cure the deficiency in the original complaint or if the amended complaint cannot withstand a renewed motion to dismiss." <u>Jablonski v. Pan Am. World Airways, Inc.</u>, 863 F.2d 289, 292 (3d Cir.1988);

see also Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000) (stating that "[i]n assessing 'futility,' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."). The Court concludes that granting Morrison leave to amend would be futile as the complained of deprivations simply do not rise to the level of constitutional violations.

## V.     Conclusion

Based on the forgoing, the complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court will enter an appropriate Order.

BY THE COURT:

s/James M. Munley
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated:        February 20, 2020